UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TREVEL JACKSON | CIVIL ACTION |
| VERSUS | NO: 21-740 |
| UNITED FINANCIAL CASUALTY CO., ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Trevel Jackson. The defendant, United Financial Casualty Co. ("UFCC"), opposes the motion. The motion, noticed for submission on June 9, 2021, is before the Court on the briefs without oral argument.

Plaintiff initiated this lawsuit in state court to recover for personal injuries and property damage that he sustained in a motor vehicle collision with Ms. Nicole M. Vecchio on the Danzinger Bridge in Orleans Parish. At the time of the incident Plaintiff was engaged in ridesharing operations for UBER. (Rec. Doc. 9-1, Petition ¶ 6). Based on the allegations in the petition, Ms. Vecchio was completely at fault for the accident and her liability insurer ultimately settled with Plaintiff thereby removing the non-diverse parties from the case. UFCC, UBER's UM carrier, removed the case to this Court. The petition alleges numerous elements of damages, and as of the time of removal Plaintiff had already undergone significant medical treatment that he claims to be causally related to the accident with Ms. Vecchio. UFCC contends that those pre-removal medical bills total about $32,000.00, that Plaintiff is continuing to receive medical

1

treatment, and that surgery on both shoulders has been recommended.

Plaintiff moves to remand the case arguing that UFCC has not met its burden of establishing that the amount in controversy was satisfied at the time of removal.

In *Luckett v. Delta Airlines, Inc.,* the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

The Court is persuaded that UFCC has established that the amount in controversy was satisfied at the time of removal. Plaintiff specifically alleges a host of elements of damages, and in light of the extensive medical record that UFCC has provided, which includes a recommendation for surgery, the settlement with the tortfeasor and her insurer do not persuade the Court that the amount of damages remaining in dispute is $75,000.00 or less. Plaintiff settled his claims with Ms. Vecchio and her insurer for her policy limit, which was only $15,000.00. (Rec. Doc. 9-4, Release). The ongoing medical treatment and surgical recommendation are included in

the facts alleged in the notice of removal. (Rec. Doc. 1-1 ¶ 12).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Trevel Jackson is **DENIED**.

June 15, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE